Marcelino Hoyo y Trinidad Ramona Franco Valdés de Hoyo, recurrentes, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1045.—*Sometido:* Abril 7, 1939. *Resuelto:* Abril 24, 1939.

E. H. F. *Dottin,* abogado de los recurrentes; el registrador recurrido no compareció.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Los recurrentes son dueños de un crédito hipotecario sobre una finca urbana radicada en el municipio de Cataño, sobre la cual se anotó un embargo a favor de Sofía Reventós el 17 de mayo de 1927, en el caso civil número 4013 de la Corte de Distrito de San Juan.

---

[*] Nota: Véase el prefacio.

El 21 de enero último, mediante un *affidavit* al efecto, solicitaron los recurrentes del Registrador de la Propiedad de San Juan, sección segunda, la cancelación del citado embargo por haber transcurrido más de cuatro años desde la fecha de su anotación.

El registrador denegó la cancelación solicitada extendiendo al calce del documento la siguiente nota:

"Denegada la cancelación que se solicita en este *affidavit: Primero,* porque el artículo 348(*a*) de la Ley Hipotecaria, Sección (*b*) de la Ley Núm. 12 de 1923 (Leyes de 1923, (2) pág. 37) a quien da derecho a pedir la cancelación de cargas es al dueño de la finca, pero no a los acreedores y mucho menos si lo son de cargas anteriores; *Segundo,* porque el artículo 348(*b*) así lo convence al permitir a cualquier persona natural o jurídica *que sea dueña de bienes inmuebles* sobre los cuales pesen gravámenes hipotecarios, poder solicitar de la corte correspondiente la cancelación y ordenar al registrador que proceda a cancelar las hipotecas relacionadas en esa sección, a instancia de las personas indicadas, que no son otras que las naturales o jurídicas dueñas del inmueble; *Tercero,* porque el artículo 79 de la Ley Hipotecaria, enmendado por la 20 de 1923, en cuanto a contratos de arrendamientos, expresa que podrá decretarse la cancelación a solicitud del arrendador, arrendatario o subarrendatario, o *dueño del inmueble* que aparezca con derecho inscrito, pero no a ningún acreedor; *Cuarto,* porque en ningún precepto de la Ley Hipotecaria ni de su Reglamento se autoriza a los acreedores que tengan anotado su derecho, a obtener la cancelación de otros créditos, sino única y exclusivamente a los dueños de los inmuebles que son los que pueden y deben estar enterados de si la prescripción ha sido interrumpida o no durante el plazo que establece el apartado (*a*) de la Ley Núm. 12 de 1924 (Leyes de 1924, pág. 109), para solicitar la cancelación por no haberse interpuesto demanda reclamando su derecho al acreedor, circunstancia que sólo es dable conocer al dueño de la finca contra el cual habría de ejecutarse la cancelación y no contra un acreedor que no fué quien contrajo la obligación. Se toma anotación preventiva por 120 días a favor de Trinidad Ramona Franco Valdés, al folio 199, tomo 3 de Cataño, finca 151 anotación letra B. San Juan, marzo 14 de 1939."

El artículo 388-A de la Ley Hipotecaria, inserto en dicha ley a virtud de la Núm. 19 de 9 de julio de 1936 (Ter-

cera Legislatura Extraordinaria, pág. 148), en lo pertinente dice así:

"Artículo 388–A. Los registradores de la propiedad, *a instancia de parte,* autenticada ante notario, procederán a cancelar en el respectivo registro:

" . . . . . . . . . . .

" (b) Las anotaciones de embargo, prohibiciones de enajenar anotaciones de demanda y cualesquiera otras hechas en virtud de mandamiento judicial que tengan más de cuatro (4) años de anotadas, si no hubieren sido prorrogadas por orden de la corte en que pendieren los casos, por justa causa. Si al entrar en vigor esta Ley hubiere transcurrido en totalidad dicho término o sólo restare del mismo un (1) año o menos, la parte interesada en la anotación tendrá un (1) año desde la vigencia de esta Ley para obtener de la corte competente la prórroga de la anotación." (Bastardillas nuestras.)

No exige la ley, como sostiene el registrador, que la instancia solicitando la cancelación se haga por el dueño de la finca. Lo que exige la ley es que la cancelación se practique a *"instancia de parte"*, lo que significa que el registrador no deberá verificarla de oficio, es decir, de su propia iniciativa. Teniendo el acreedor hipotecario un derecho real sobre la finca hipotecada, es parte interesada en la misma, y no habiéndose limitado al dueño el derecho de solicitar tales cancelaciones, cualquier parte interesada puede hacerlo.

El *affidavit* de los recurrentes no expresa que la anotación de embargo no haya sido practicada por orden de la corte que expidió el mandamiento; pero como el registrador no basa su nota en esa circunstancia, debemos presumir que dicha anotación no ha sido prorrogada.

*Por lo expuesto, procede revocar la nota recurrida y ordenar la cancelación del embargo a que se contrae la declaración jurada de los recurrentes.*